|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |
| 8   |     |
| 9   |     |
| 10  |     |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| STEPHEN EDWARDS, | Case No. 12-cv-2976 BAS (RBB) |
| --- | --- |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF 21)** |
| v. | |
| COACHELLA VALLEY WATER DISTRICT, | |
| Defendant. | |

On December 13, 2012, Plaintiff Stephen Edwards filed a complaint, which the court dismissed *sua sponte* and with leave to amend. ECFs 1, 3.

Then on January 16, 2013, Edwards filed an amended complaint. ECF 5. In response, Defendant Coachella Valley Water District filed a motion to dismiss, transfer venue, and in the alternative for a more definite statement. ECF 21. Because the Amended Complaint does not comply with the requirements of Federal Rule of Civil Procedure 8, Defendant's motion to dismiss is **GRANTED.**

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires complaints to include a "short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). The plaintiff is further obligated to provide the grounds for relief, including the causes of action under which the suit is brought. *See Twombly*, 550 U.S. at 555. However, a court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unless the plaintiff asserts a cognizable cause of action, the court does not have jurisdiction over the claims. *See Iqbal*, 556 U.S. at 677.

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a).

## II. DISCUSSION

Edwards' Amended Complaint fails to provide the Court with any defined causes of action for which relief can be granted. Edwards does not provide the

statutes or common law theories authorizing his suit. Edwards must provide (1) causes of action under which he is suing, and (2) a plain statement of the facts providing all the required elements of a claim under that cause of action.

Further, he does not provide evidence that he received a right-to-sue letter, which is required if he is claiming relief after dismissal by the Equal Employment Opportunity Commission. *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992). Edwards must allege facts *in the complaint itself* when he received his right-to-sue letter. If the right to sue letter was received more than 90 days before his complaint was first filed, he must allege facts in the complaint providing a basis to equitably toll the 90-day statute of limitation.

Lastly, Edwards' complaint does not provide any connection between the alleged injury and this judicial district. Without properly asserting facts connecting Defendant to this district, Edwards cannot properly sue Defendant in this Court. Edwards must either provide facts in his complaint connecting his injury to the Southern District of California or file his complaint in the Central District of California.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant's motion to dismiss is **GRANTED.** Edwards' complaint is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.** Edwards may file his Second Amended Complaint on or before **October 30, 2014**. However, unless he provides facts connecting Defendant to the Southern District, this matter will be transferred to the Central District of California.

Defendant's motions to transfer venue and for a more definite statement are **TERMINATED AS MOOT.**

**IT IS SO ORDERED.**

**DATED:** September 15, 2014

Hon. Cynthia Bashant
United States District Judge